UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FILED
14 SEP -8 PM 1:34
CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS, FLORIDA

**CATHERINE BROWN**, an individual,

Plaintiff,

v.

**DOCTOR'S CHOICE HOME CARE, INC.**, a Florida corporation,

Defendant.

CIVIL ACTION

Case No. 2:14-cv-

Judge:

Mag. Judge:

2:14-cv-527-FtM-29CM

## COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **CATHERINE BROWN** ("BROWN"), by and through her undersigned counsel, and states the following for her Complaint:

### CAUSES OF ACTION

1. This is an action brought under the federal Fair Labor Standards Act ("FLSA") for (1) violation of the FLSA- unpaid wages and overtime and (2) violation of the FLSA- retaliation.

### PARTIES

2. The Plaintiff, **CATHERINE BROWN** ("BROWN") is an individual and a resident of Florida who currently resides in Lee County, Florida.

3. Defendant, **DOCTOR'S CHOICE HOME CARE, INC.** ("DOCTORS") is a Florida corporation with a principal place of business located at 7250 Beneva Road, Sarasota, Florida 34238, and was at all times relevant to this complaint a covered entity with regard to the minimum wage and overtime provisions of the FLSA.

### JURISDICTION AND VENUE

4. This Court has jurisdiction of this matter under 28 U.S.C. §1331.

1

5.   Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff resides in, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Lee County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.02(b)(5) since the action accrued in Lee County, which is within the Fort Myers Division.

## GENERAL ALLEGATIONS

6.   **BROWN** was hired by **DOCTORS** on September 2010 as a "reimbursement coordinator" for **DOCTORS**'s business located in Lee County, Florida.

7.   **DOCTORS** is engaged in the business of providing home health care services, much of which is paid by Medicare.

8.   Her direct supervisor was Margaret Cody and **BROWN**'s role of "reimbursement coordinator" was non-management and did not include advising **DOCTORS** regarding violations of state or federal wage/hour law.

9.   **BROWN**'s job duties consisted of simply performing the billing for **DOCTORS**, including billing Medicare, but in no way consisted of the management or general business operations of **DOCTORS** as a company.

10.   At all material times, **BROWN**'s primary duties utterly failed to include the exercise of discretion and independent judgment with respect to matters of significance.

11.   **BROWN**'s regular daily duties included often began well prior to 8:00 A.M. and would often end at 6:30 P.M, but would also include that she work on Saturdays and Sundays.

12.   **DOCTORS** did not pay **BROWN** a minimum hourly wage and instead opted to compensate **BROWN** on a salary basis.

13.   **DOCTORS** classified **BROWN** as FLSA-exempt.

14. However, **DOCTORS** should have been paying **BROWN** on an hourly, non-exempt rate during the entire course of her employment with **DOCTORS**.

15. **DOCTORS** misclassified **BROWN** as a FLSA-exempt employee when in fact **BROWN** was non-exempt.

16. **BROWN** followed the usual path of an employee and was dependent on **DOCTORS**.

17. **BROWN** did not control or direct any other employees related to the work **DOCTORS** ordered she perform.

18. **DOCTORS** commanded and directed the terms and conditions of **BROWN**'s job duties.

19. **BROWN** did not possess independent decision-making authority.

20. **BROWN**'s job duties were not unique or requiring of special skill, other than data input into a computer system and regular communication skills, which are "skills" that would be possessed by the overwhelming majority of Americans over the age of 18, and **DOCTORS** did not need to provide **BROWN** with any specialized training in order to allow her to complete her assigned job duties.

21. **BROWN** did not require any certification to perform her duties with **DOCTORS**.

22. While employed with **DOCTORS**, **BROWN** did not advertise her services by any public means, did not operate a business entity, did not pass out business cards indicating her willingness to provide property management services and she applied for a position with **DOCTORS** as a regular prospective employee would.

23. **DOCTORS** refused to classify **BROWN** as an hourly employee but instead demanded that she be termed a salaried employee, which she truly was not.

24. **DOCTORS** did not ever advise **BROWN** of her rights under the FLSA.

25. **DOCTORS** set **BROWN**'s hours and pay, directed **BROWN** as to the manner in which she was to perform all tasks assigned to her, and assigned her a work-load that prevented her from even engaging in other employment.

26. **BROWN** was actually an employee of **DOCTORS**.

27. **DOCTORS** engaged **BROWN**'s employment on a full-time basis.

28. **BROWN** regularly worked more than forty (40) hours per week without overtime compensation.

29. **BROWN** was not subject to any exemptions under the FLSA that would have allowed **DOCTORS** to deny her overtime pay.

30. When **BROWN** became aware of her legal rights and she demanded proper pay, **DOCTORS** began a campaign of retaliation against **BROWN**, which included harsh criticisms, selective enforcement of policies against her, verbally abusing her and ultimately terminating her within four weeks of **BROWN** complaining about **DOCTORS** improper pay.

31. **DOCTORS** refused to provide a reason for the disparate treatment suffered by **BROWN**.

32. **BROWN**'s reporting violations of the FLSA to **DOCTORS** was stepping outside her job description as she was pursuing a position **DOCTORS** knew to be adverse to its interests.

33. **BROWN** had no management responsibilities regarding the calculation of minimum and overtime wages.

34. At all times, **BROWN** fully and satisfactorily fulfilled her duties with **DOCTORS**.

35. The only intervening event leading to **BROWN**'s separation of employment was her demand for proper pay in accordance with the FLSA.

36. **BROWN** was wrongfully terminated in violation of the FLSA.

37. As a direct and proximate result of the foregoing claims, Plaintiff **BROWN** has suffered and continues to suffer irreparable injuries relating to losses of income, property, and wealth; injury to professional standing; injury to character and reputation; and injury to physical and emotional health and general well-being.

38. As a direct and proximate result of the foregoing claims, Plaintiff **BROWN** has suffered damages as stated herein and to be proven at trial, and in an amount to be proven at trial, plus an appropriate amount for her emotional pain and suffering, and liquidated damages to be determined and punitive damages.

39. As a direct and proximate result of the foregoing claims, **DOCTORS** has diminished and deprived, and continues to diminish and deprive, Plaintiff **BROWN** of the benefits and privileges of their contractual relationship, and of achieving a livelihood and professional advancement.

40. **BROWN** has retained the undersigned counsel and has agreed to pay reasonable attorney fees for such services.

## COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT ("FLSA")- UNPAID OVERTIME WAGES

41. Plaintiff incorporates by reference Paragraphs 1-40 of this Complaint as though fully set forth below.

42. **BROWN** was a covered, non-exempt employee under the FLSA at all times during her employ with **DOCTORS**.

43. **DOCTORS** was required by the FLSA to pay **BROWN** at least time and one-half for all hours worked by **BROWN** over forty in a week.

44. **DOCTORS** had operational control over all aspects of **BROWN**'s day-to-day functions during her employment, including compensation.

45. **DOCTORS** was **BROWN**'s "employer" and is liable for violations of the FLSA in this case.

46. **DOCTORS** violated the FLSA by failing to pay **BROWN** at least time and one-half for all hours worked over forty in a week.

47. **DOCTORS** has willfully violated the FLSA in refusing to pay **BROWN** proper overtime for all hours worked by her over forty in a week.

48. As a result of the foregoing, **BROWN** has suffered damages of lost wages.

49. **DOCTORS** is the proximate cause of **BROWN**'s damages.

**WHEREFORE,** Plaintiff prays that this Honorable Court enter a Judgment in her favor and against **DOCTORS** for an amount consistent with evidence, together with liquidated damages, the costs of litigation, interest, and reasonable attorneys' fees.

**DEMAND FOR JURY TRIAL IS HEREBY MADE.**

## COUNT II – VIOLATION OF THE FAIR LABOR STANDARDS ACT ("FLSA")- RETALIATION

50. Plaintiff incorporates by reference Paragraphs 1-40 of this Complaint as though fully set forth below.

51. **DOCTORS** discharged **BROWN** in direct response to **BROWN** seeking enforcement and correction of **DOCTORS**'s refusal to pay proper wages in accordance with the FLSA.

52. By **BROWN** seeking enforcement and correction **DOCTORS**'s conduct that was in violation of the FLSA, **BROWN** engaged in protected activity under 29 U.S.C. § 215(a).

6

53. **BROWN** was terminated from her employment with **DOCTORS** as a result of having engaged in protected activity under the FLSA, to wit: seeking proper payment under the FLSA.

54. **BROWN** subsequently suffered an adverse employment action - her discharge - that was causally and directly related to him having complained and objected to **DOCTORS** about **DOCTORS**'s illegal wage practices.

**WHEREFORE,** Plaintiff prays that this Honorable Court enter a Judgment in her favor and against **DOCTORS** for an amount consistent with evidence, together with liquidated damages, punitive damages, the costs of litigation, interest, and reasonable attorneys' fees.

## DEMAND FOR JURY TRIAL AND PRAYER FOR RELIEF

Plaintiff **BROWN** respectfully demands a jury trial under Federal Rule of Civil Procedure 38 and prays for judgment against **DOCTORS**, as follows:

a. Declaring that the acts and practices complained of herein are in violation of the Fair Labor Standards Act's whistle-blower protections contained in the laws of the United States and the state of Florida;

b. Enjoining and permanently restraining the violations of the Fair Labor Standards Act's whistle-blower and anti-retaliation protections contained in the laws of the United States and the state of Florida;

c. Directing **DOCTORS** to place Plaintiff **BROWN** in the same position that she would have held but for **DOCTORS**'s discriminatory and retaliatory treatment of her - and to make Plaintiff **BROWN** whole for all earnings and benefits she would have received but for **DOCTORS**'s discriminatory and retaliatory treatment, including but not limited to wages (including front and back pay) and benefits and any and all other relief afforded under the protections contained in the laws of the United States and the state of Florida;

d. Directing **DOCTORS** to pay Plaintiff **BROWN** general compensatory damages in an amount to be proven at trial;

e. Directing **DOCTORS** to pay Plaintiff **BROWN** special compensatory damages, including but not limited to actual and anticipated wage loss in an amount to be proven at trial;

    f. Directing **DOCTORS** to pay the cost of this action together with costs and all reasonable attorneys' fees which arose and were incurred as the results of **DOCTORS**'s violations;

    g. Declaring **DOCTORS**'s acts against Plaintiff **BROWN** to be in violation of the FLSA as willful, wanton, and malicious, and directing **DOCTORS** to pay Plaintiff **BROWN** liquidated damages in an amount to be proven at trial, and;

    h. Granting such other and further legal and equitable relief as this Court deems proper.

Respectfully submitted,

Dated: September 5, 2014

Benjamin H. Yormak
Florida Bar Number 71272
Trial Counsel for Plaintiff
Yormak Employment & Disability Law
9990 Coconut Road
Bonita Springs, Florida 34135
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com