# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

| | |
|---|---|
| **CATHERINE BROWN**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**DOCTOR'S CHOICE HOME CARE, INC.**, a Florida corporation,<br><br>Defendant. | **CIVIL ACTION**<br><br>**Case No.  2:14-cv-527**<br><br>**Judge: John E. Steele**<br><br>**Mag. Judge:  Carol Mirando** |

## JOINT MOTION FOR COURT APPROVAL OF SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, CATHERINE BROWN ("Plaintiff") and Defendant, DOCTOR'S CHOICE HOME CARE, INC. ("Defendant") (Plaintiff and Defendant will collectively be referred to as the "Parties"), through their undersigned counsel, jointly move the Court for Approval of their Settlement Agreement ("Settlement Agreement") and dismissal of this case with prejudice.  In support thereof, the Parties state as follows:

## MOTION FOR COURT APPROVAL OF SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE

1.      Plaintiff's Complaint alleges claims for unpaid overtime compensation against Defendant under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

2.      The Parties had a bona fide dispute under the FLSA.  Defendant asserts that Plaintiff was not entitled to overtime, as she was an employee exempt from the overtime provisions of the FLSA as an administrative employee. Defendant also asserts that it had reasonable grounds to believe it complied with the FLSA at all times, that it has acted in good

faith and not willfully in violation of the FLSA and, as such, maintains that it is not liable for any overtime or minimum wages to Plaintiff.

3.      Each Party conducted research regarding the various relevant legal issues involved, and exchanged information regarding their respective positions, which included time cards maintained by the Defendant in the ordinary course of business. As a result of settlement discussions and mediation, the Parties have fully and completely settled all disputes between them relating to the FLSA claims in the Complaint. In exchange for Defendant's payment of a settlement sum to Plaintiff, Plaintiff has agreed to release Defendant from the FLSA claims brought in the Complaint. The Parties agree this is a fair and reasonable settlement of a bona fide dispute.

4.      The Parties have agreed upon the Settlement Agreement, attached hereto as Composite Exhibit "A".  The Parties respectfully request that this Court accept and approve the Settlement Agreement, and dismiss Plaintiff's Complaint, with prejudice.

## MEMORANDUM OF LAW

### I.      Standard of Review.

As the Eleventh Circuit held in *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350 (11th Cir. 1982)*:*

> "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them . . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness."

*Id.* at 1352-53.

Before approving an FLSA settlement, the Court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

> (1)    the existence of fraud or collusion behind the settlement:
> (2)    the complexity, expense, and likely duration of the litigation;
> (3)    the stage of the proceedings and the amount of discovery completed;
> (4)    the probability of plaintiff's success on the merits:
> (5)    the range of possible recovery; and
> (6)    the opinions of the counsel.

*See Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *2-3 (M.D. Fla. Jan. 8, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *Hamilton*, 2007 U.S. Dist. LEXIS at * 2-3.

**II.    All of the Relevant Criteria Support Final Approval of the Settlement.**

Plaintiff acknowledges that this settlement provides for full and fair payment for all overtime and minimum wages to which she may be entitled as alleged in the Complaint. Accordingly, the settlement is fair. *See Davidson v. Orange Lake*, Case No. 6:06-cv-1674-Orl-19KRS, 2008 U.S. Dist. LEXIS 32438, at *2 (M.D. Fla. 2008) (because plaintiff received all past due compensation to which she was arguably entitled under the FLSA, the settlement was fair and there was no need for judicial scrutiny of the agreement). Courts have found no fraud or collusion where both parties were represented by counsel and the amount to be paid to the

plaintiff seemed fair.  *See Helms v. Central Fla. Reg. Hosp.*, No. 6:05-cv-383-Orl-22JGG, 2006 U.S. Dist. LEXIS 92994, at \*11-12 (M.D. Fla. Dec. 21, 2006).   Here, each Party was independently represented by counsel with experience in litigating claims under the FLSA.  Each counsel was obligated to and did vigorously represent his clients' rights.

The probability of success on the merits, and the complexity, expense, and length of future litigation also weigh in favor of this settlement. The Parties continue to disagree over the merits of the claims asserted.  If the Parties were to continue to litigate this matter, they would be forced to engage in costly litigation in order to prove their claims and defenses. This settlement, therefore, is a reasonable means for all Parties to minimize future risks and litigation costs.

Further, there has been sufficient investigation and exchange of information to allow counsel to reach a fair and reasonable resolution of this matter. Over the course of twelve (12) months, the Parties voluntarily exchanged information during their settlement negotiations regarding Plaintiff's overtime claims.  In agreeing upon the proposed settlement, the Parties had sufficient information and conducted an adequate investigation to allow them to make an educated and informed analysis of the claims.

Finally, the "FLSA requires judicial review of the reasonableness of counsel 's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). Pursuant to *Bonetti v. Embarq Mgmt. Co.*,

> … the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement.

*Bonetti*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009). As the parties negotiated the

attorney's fees independently and seriatim, the attorney's fees did not influence the reasonableness of the settlement, which number was reached based upon the evidence available to the parties. As such, the settlement is due to be approved. *Vasquez v. P & L Harvesting, LLC*, 2015 U.S. Dist. LEXIS 81314, *3 (M.D. Fla. June 23, 2015).

**CONCLUSION**

WHEREFORE, CATHERINE BROWN and DOCTOR'S CHOICE HOME CARE, INC. respectfully request that this Honorable Court enter an Order: (i) GRANTING this Motion; (ii) APPROVING the settlement of Plaintiff's claims under the Fair Labor Standards Act; (iii) DISMISSING this case with prejudice; and (iv) ORDERING such further relief as the Court deems appropriate.

Respectfully submitted this 7th day of August, 2015.


By: *s/Benjamin H. Yormak*       
Benjamin H. Yormak
Florida Bar No. 071272
Trial Counsel for Plaintiff
Yormak Employment & Disability Law
9990 Coconut Road
Bonita Springs, FL  34135
(239) 985-9691
(239) 288-2534
byormak@yormaklaw.com

By: *s/Harry W. Haskins*
Harry W. Haskins
Florida Bar No. 229652
Trial Counsel for Defendant
3400 South Tamiami Trail, Suite 201
Sarasota, Florida 34239
(941) 366-1388
(941) 953-4284
haskinslaw@aol.com