UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| CATHERINE BROWN, an individual, | CIVIL ACTION |
| Plaintiff, | |
| v. | Case No. 2:14-cv-527 |
| | Judge: John E. Steele |
| DOCTOR'S CHOICE HOME CARE, INC., a Florida corporation, | Mag. Judge: Carol Mirando |
| Defendant. | |

## SETTLEMENT AGREEMENT PURSUANT TO THE FAIR LABOR STANDARDS ACT AND THE FLORIDA MINIMUM WAGE ACT

DOCTOR'S CHOICE HOMECARE, INC. ("DC" or "Defendant"), and CATHERINE BROWN ("Brown" or "Plaintiff"), for herself and her heirs, executors, administrators, successors, and assigns (collectively referred to throughout this Agreement as "Plaintiff"), agree that:

1. **Consideration.** In consideration for the execution by Plaintiff of this Settlement Agreement pursuant to the Fair Labor Standards Act ("FLSA") (hereinafter, the "Agreement"), and compliance by Plaintiff with the promises made herein, Defendants agree to pay the total gross sum of Six Thousand Three Hundred Thirty-Seven Dollars and Fifty Cents ($6,337.50) (the "Payment") to Plaintiff, which Payment shall be reported on IRS Form W2, and payment of her attorney, which sum was separately negotiated. The parties represent that the Payment represents full payment to the Plaintiff of all claimed overtime wages, and is inclusive of liquidated damages. Payment shall be due within fourteen (14) days of the Court approving this Settlement Agreement.

Except as set forth herein, each party shall bear his or its own costs and attorneys' fees.

Defendant makes no representation regarding the taxability of the amounts paid to Plaintiff and/or to Yormak Employment & Disability Law. Plaintiff agrees to pay her portion of federal, state or local taxes, if any, which are required to be paid with respect to this Agreement. Moreover, Plaintiff agrees to indemnify Defendant and hold it harmless from any interest, taxes, or penalties assessed against Defendant by any governmental agency as the result of the non-payment of taxes on any amounts paid to Plaintiff and Yormak Employment & Disability Law, respectively, under this Agreement.

2.  **No Consideration Absent Execution of this Agreement.** Plaintiff understands and agrees that she would not receive the monies and/or benefits specified in Paragraph "1" above, except for Plaintiff's execution of this Agreement, dismissal of Plaintiff's claims under the FLSA in the Litigation, with prejudice, and the fulfillment of the promises contained herein.

3.  **Dismissal of Action.** Plaintiff will dismiss this Litigation, with prejudice, by permitting Defendant to file a Joint Motion for Court Approval of Settlement Agreement and Dismissal with Prejudice and Incorporated Memorandum of Law, and will execute any further papers necessary to accomplish that dismissal. It is expressly understood that Defendant's obligation to make the Payment is contingent upon the Court entering an Order dismissing this Litigation with prejudice.

4.  **Release of FLSA Claims.** Plaintiff knowingly and voluntarily releases and forever discharges the Defendants, respective parent corporations, affiliates, subsidiaries, divisions, predecessors, co-employers, insurers, successors and assigns, and their current and former employees, attorneys, shareholders, partners, officers, directors, board members, owners and agents thereof, both individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries (collectively referred to throughout the remainder of this Agreement as "Releasees"), of and from any and all claims, known and unknown, asserted or unasserted, which Plaintiff has or may have against Releasees as of the date of execution of this Agreement, pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, et seq., and any other theory relating to a wage and hour claim, which are or could have been encompassed in the Litigation.

5.  **Acknowledgments and Affirmations.** Plaintiff affirms, upon delivery of the Payment specified herein, as a negotiated settlement term of this Agreement, that she has been paid and/or has received all compensation, wages, bonuses, commissions, and benefits to which he may be entitled as a consequence of his employment with the Defendants. Plaintiff further affirms that he is aware of her respective obligations to make any tax payments and forward payment to the Internal Revenue Service and to any other taxing entity or authority.

Releasees and Plaintiff affirm that there was no undue influence, overreaching, collusion or intimidation in reaching this Agreement, each party having been represented by counsel.

6.  **Governing Law and Interpretation.** This Agreement shall be governed and conformed in accordance with the laws of the State of Florida without regard to its conflict of laws provision. In the event of a breach of any provision of this Agreement, either Party may institute an action specifically to enforce any term or terms of this Agreement and/or seek any damages for breach. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction, the Parties agree that the Court can interpret or modify it to be enforceable. If a Court cannot do so, the parties agree that any such provision, excluding the release of FLSA claims, shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

7.  **Non-Admission of Wrongdoing.** The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement, nor any other agreement

between the Parties, shall be deemed or construed at any time for any purpose as an admission by Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.

        8.    **Amendment.** This Agreement may not be modified, altered or changed except in writing and signed by all Parties wherein specific reference is made to this Agreement, or by a Court to the extent necessary to render it enforceable as set forth in Paragraph 6, above.

THE SIGNATORIES HAVE CAREFULLY READ THIS ENTIRE SETTLEMENT AGREEMENT PURSUANT TO THE FAIR LABOR STANDARDS ACT. THE PARTIES HAVE BEEN REPRESENTED BY COUNSEL THROUGHOUT THE NEGOTIATION OF THIS AGREEMENT AND HAVE CONSULTED WITH THEIR ATTORNEYS BEFORE SIGNING THIS AGREEMENT. THE PARTIES FULLY UNDERSTAND THE FINAL AND BINDING EFFECT OF THIS AGREEMENT. THE ONLY PROMISES OR REPRESENTATIONS MADE TO ANY SIGNATORY ABOUT THIS AGREEMENT ARE CONTAINED IN THIS AGREEMENT.

HAVING ELECTED TO EXECUTE THIS SETTLEMENT AGREEMENT PURSUANT TO THE FAIR LABOR STANDARDS ACT AND THE FLORIDA MINIMUM WAGE ACT, TO FULFILL THE PROMISES SET FORTH HEREIN, AND TO RECEIVE THEREBY THE PAYMENT SET FORTH IN PARAGRAPH "1" ABOVE, PLAINTIFF FREELY AND KNOWINGLY AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS HE HAS OR MIGHT HAVE AGAINST DEFENDANT PURSUANT TO THE FAIR LABOR STANDARDS ACT AND THE FLORIDA MINIMUM WAGE ACT.

THE PARTIES ARE SIGNING THIS AGREEMENT VOLUNTARILY AND KNOWINGLY.

The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

_____
CATHERINE BROWN

Doctor's Choice Home Care, Inc.

By: _____
Date: 8/5/2015