UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CATHERINE BROWN, an individual

    Plaintiff,

v.                                      Case No:   2:14-cv-527-FtM-29CM

DOCTOR'S CHOICE HOME
CARE, INC.,

    Defendant.
_____

### REPORT AND RECOMMENDATION[1]

Before the Court is the parties' Joint Motion for Court Approval for Settlement Agreement and Dismissal with Prejudice and Incorporated Memorandum of Law (Doc. 28), filed on August 7, 2015. The parties included the settlement agreement with the filing. Doc. 28-1. The parties request that the Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA") claim. For the reasons set forth herein, the Court recommends that the settlement be **APPROVED**.

To approve the settlement, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the Fair Labor Standards Act. *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). There are two ways for a claim under the FLSA to be settled or compromised. *Id.* at 1352-53. The first is under 29 U.S.C. §

---

[1] A party waives the right to challenge on appeal a finding of fact or conclusion of law adopted by the district judge if the party fails to object to that finding or conclusion within fourteen (14) days after issuance of the Report and Recommendation containing the finding or conclusion.

216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id.* at 1353. The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages. *Id.* When the employees file suit, the proposed settlement must be presented to the district court for the district court's review and determination that the settlement is fair and reasonable. *Id.* at 1353-54.

The Eleventh Circuit found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354.

In this case, Plaintiff worked for Defendant as a reimbursement coordinator. Doc. 1 at ¶6. Plaintiff sought damages for unpaid wages and overtime and retaliation. *Id.* at ¶1. Plaintiff originally calculated the amount owed to her as approximately $77,008.80. Doc. 19 at 3. As a reasonable compromise of the disputed issues, the Defendant has agreed to pay Plaintiff the sum of $6,337.50 for unpaid wages, overtime and liquidated damages. Doc. 28-1 at 1.

Plaintiff agreed to accept less that the original amount claimed due to the complexity of the case, expense, and length of future litigation. Doc. 28 at 4. The parties state that they still disagree on the merits of the claims and continued litigation would be costly in order to prove the claims and defenses. *Id.* The parties contend that the settlement is reasonable and will minimize the future risks and litigation costs. *Id.*

Based on the parties' representations and the policy in this circuit of promoting settlement of litigation, the Court finds the proposed settlement to be a fair and reasonable compromise of the dispute. Other courts in this district similarly have approved settlements of half or less of the amount claimed in light of the strength of the defenses, the complexity of the case, and the expense and length of continued litigation, as the parties have recognized here. *See e.g., Diaz v. Mattress One, Inc.,* 2011 WL 3167248, at *1 (M.D. Fla. July 15, 2011); *see also Dorismond v. Wyndham Vacation Ownership, Inc.,* 2014 WL 2861483 (M.D. Fla. June 24, 2014).

As part of the settlement, each party has agreed to bear their own fees and costs. Doc. 28-1 at 1. The parties assert that the attorneys' fees were negotiated separately from the Plaintiffs' recovery and did not affect the amount of Plaintiffs' recovery. *Id.* Pursuant to *Bonetti v. Embarq Mgmt. Co.,* 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009),

> the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that

the lawyer's fee has influenced the reasonableness of the plaintiff's settlement.

In the instant case, the settlement was reached and the attorneys' fees and costs were agreed upon separately and without regard to the amount paid to the Plaintiff. Docs. 28-1 at 1, 29. Thus, having reviewed the settlement documentation (Doc. 28-1), the Court concludes that the settlement is a fair and reasonable resolution of a bona fide dispute under the FLSA.

ACCORDINGLY, it is hereby

**RECOMMENDED:**

1. The parties' Joint Motion for Court Approval for Settlement Agreement and Dismissal with Prejudice and Incorporated Memorandum of Law (Doc. 28) is **GRANTED,** and the Settlement Agreement (Doc. 28-1) be **APPROVED** by the Court as a fair and reasonable resolution of a bona fide dispute under the FLSA.

2. The Court enter an order **DISMISSING** this action with prejudice and the Clerk be directed to close the file.

**DONE** and **ENTERED** in Fort Myers, Florida on this 21st day of August, 2015.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record